EXHIIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

KEITH PAULEY and SUSAN PAULEY,

        Plaintiffs,

v.                                        Civil Action No. 3:18-cv-01508

CNE POURED WALLS, INC., an
Ohio corporation, and
PARSONS CONTRACTING, LLC,
a West Virginia liability company,

        Defendants.

# CNE Poured Walls, Inc.'s Responses to Plaintiffs' First Set of Discovery Requests

        Defendant, CNE Poured Walls, Inc. ("CNE"), by counsel, provides its answers and responses to *Plaintiffs' First Set of Interrogatories, Requests for Production of Documents, and Requests for Admission to Defendant.* ("Plaintiffs' First Set of Discovery").  In so responding, CNE does not waive, but expressly reserves, all privileges, including, but not limited to, those arising out of the attorney-client relationship, and under the work product and self-critical analysis doctrines.  By responding to the following discovery requests, CNE does not concede the relevance of any matter at issue in the discovery requests, and CNE expressly reserves the right to amend or supplement these responses to reflect information acquired through discovery or other means.

**INTERROGATORIES**

        1.    Please identify each and every person by full name, address, email address, and telephone number who assisted in the preparation of your responses to these Discovery Requests.

        ANSWER:    James Eggers, with assistance of undersigned counsel.

        2.    Please identify all business addresses for CNE Poured Walls, Inc., in the past twenty (20) years.

ANSWER:    300 4th Ave., Gallipolis, Ohio 45631 and 187 McCormick Road, Gallipolis, Ohio 45631.

3.    List the names, addresses and telephone numbers of all persons believe or known by you to have any knowledge concerning the facts and issues set forth in the Complaint.

ANSWER:    The following individuals may possess knowledge concerning the facts and issues set forth in Plaintiffs' Complaint:

      a.    James M. Eggers, contact through counsel;

      b.    Keith and Susan Pauley;

      c.    Steven B. McCoy, 63 Chesterville Road, Mineral Wells, WV 26150;

      d.    Jamie S. Harris, contact through counsel, Mary Prim;

      e.    Josh Raynes, contact through counsel, Mary Prim;

      f.    Jeffrey Starcher, contact through counsel, Nicholas P. Mooney II;

      g.    Ed Wherry, contact through counsel, Nicholas P. Mooney II;

      h.    David Anderson, contact through counsel, Nicholas P. Mooney II;

      i.    Meredith Litton, contact through counsel, Nicholas P. Mooney II; and

      j.    Angela Nary, contact through counsel, Nicholas P. Mooney II.

4.    For each witness you presently or subsequently determine you intend to call at trial regarding your defenses to the claims asserted in this matter, please provide their name, address, telephone number, and substance of their anticipated testimony.

ANSWER:    **OBJECTION**.  This Interrogatory is premature, as it is early in discovery and CNE has not identified the fact witnesses it will call at trial.  CNE will answer this Interrogatory in accordance with the Court's Scheduling Order.  Subject to, and without waiving said objection, see CNE's response to Interrogatory 3 above.

5.    If you have any documents, including contracts, work orders, notes, letters, statements, checklists, photographs, video tapes, or voice recordings, relating to the Complaint, state the type of each such document; the date each was prepared; the name, address and

occupation of the person(s) who prepared each; and the name and address of the person(s), firm(s), or corporation(s) currently having possession of each.

    ANSWER:  See documents produced by CNE below in response to Plaintiffs' Requests for Production.

    6.  Identify each person whom you expect to call as an expert witness at trial and for each such person identified please state and provide the following:

    a.  His profession or occupation and the field in which he is an expert and produce a copy of his current curriculum vitae;

    b.  The subject matter on which he is expected to testify;

    c.  The substance of the facts and opinions to which he is expected to testify;

    d.  The grounds for each opinion to which he is expected to testify;

    e.  Attach an itemized listing of his fees and expenses and attach hereto copies of any bills or statements which reflect such fees; and

    f.  Identify any and all written reports, letters and other communications both in draft and inf in final form, prepared by him or at his direction, which set forth any or all of his opinions and conclusions, and identify to whom the reports, letters, or other communications were made.

ANSWER:  **OBJECTION**. This Interrogatory is premature, as it is early in discovery and CNE has not identified the expert witnesses it will call at trial in this matter.  CNE will answer this Interrogatory in accordance with the Court's Scheduling Order.

    7.  If CNE Poured Walls, Inc., or any of its officers, directors, agents and/or employees have ever been a party to any criminal or civil court proceeding or an arbitration in the past ten (10) years, please state the date the charges were brought or the proceedings commenced, the nature of the charges or proceeding, the parties, the attorneys, and the resolution.

    ANSWER:  None other than those arising from the same transaction and/or occurrence that is the basis of Plaintiffs' allegations in this case.

8.      In separate sentences, please state each and every fact or contention of fact upon which CNE Poured Walls, Inc., relies in denying liability with respect to the matters at issue in this litigation.

ANSWER:     **OBJECTION.**   CNE objects to this Interrogatory because discovery is just beginning, and it is premature to request that CNE respond to this contention interrogatory.  *See, e.g.*, *Kelly v. FedEx Ground Package System, Inc.,* 2011 WL 1584764, at *4 (S.D. W.Va. Apr. 26, 2011) ("Due to the nature of contention interrogatories, they are more appropriately used after a substantial amount of discovery has been conducted—typically at the end of the discovery period.") (internal quotations and citations omitted); *Taggart v. Damon Motor Coach*, 2007 WL 152101, at *8 (N.D. W.Va. Jan. 17, 2007) ("Although contention interrogatories represent a valid discovery device, they should not be served until near the end of the discovery period.").

9.      Please identify all documents or other tangible things, including the name and address of the current custodian thereof, relating to, referring to, or regarding any of the facts or contentions identified in your response to Interrogatory No. 8, above.

ANSWER:     **OBJECTION.**   CNE objects to this Interrogatory because discovery is just beginning, and it is premature to request that CNE respond to this contention interrogatory.  *See, e.g.*, *Kelly v. FedEx Ground Package System, Inc.,* 2011 WL 1584764, at *4 (S.D. W.Va. Apr. 26, 2011) ("Due to the nature of contention interrogatories, they are more appropriately used after a substantial amount of discovery has been conducted—typically at the end of the discovery period.") (internal quotations and citations omitted); *Taggart v. Damon Motor Coach*, 2007 WL 152101, at *8 (N.D. W.Va. Jan. 17, 2007) ("Although contention interrogatories represent a valid discovery device, they should not be served until near the end of the discovery period.").

10.     Please identify each person, organization, or entity that you contend contributed to the claims asserted by the Plaintiffs in their Complaint.

ANSWER:     CNE objects to this Interrogatory because discovery is just beginning, and it is premature to request that CNE respond to this contention interrogatory.  *See,*

*e.g.*, *Kelly v. FedEx Ground Package System, Inc.,* 2011 WL 1584764, at *4 (S.D. W.Va. Apr. 26, 2011) ("Due to the nature of contention interrogatories, they are more appropriately used after a substantial amount of discovery has been conducted—typically at the end of the discovery period.") (internal quotations and citations omitted); *Taggart v. Damon Motor Coach*, 2007 WL 152101, at *8 (N.D. W.Va. Jan. 17, 2007) ("Although contention interrogatories represent a valid discovery device, they should not be served until near the end of the discovery period.").

Subject to, and without waiving said objection, upon information and belief, Schumacher Homes of West Virginia, Inc. ("Schumacher") and Parsons Contracting, LLC ("Parsons") contributed to the claims asserted by Plaintiffs in their Complaint.

11.    Please identify by name, address, and phone number all architects, engineers, contractors, subcontractors, suppliers, and other persons providing advice, guidance, labor, equipment, materials, or services for you and/or your business enterprise with respect to the construction of the Subject Home.

ANSWER:    None.

12.    Please identify each individual or company who provided services of any kind for you and/or your business enterprise with respect to the construction of the Subject Home, including employees of CNE Poured Walls, Inc., (and any related entities of CNE Poured Walls, Inc.), contractors, and subcontractors, identifying their name, address, telephone number, type of work, and job title or position.

ANSWER:    See CNE's response to Interrogatory 11.

13.    Please identify the documents you consider to be the contract documents for the construction of the Subject Home.

ANSWER:    See Trade Partner Agreements, SH 556-60, SH 682-701.  See Scopes of Work, SH 553-55, SH 578-89, SH 702-778.  See Purchase Agreement, SH 19-29, SH 85, SH 182-92.

14.    Please list and describe all change orders issued with respect to the construction of the Subject Home.

ANSWER:   **OBJECTION.**  This Interrogatory is overly broad and unduly burdensome because it seeks "all change orders issued with respect to the construction of the Subject Home" regardless of whether CNE sought the change order or another subcontractor sought the change order.  Subject to, and without waiving said objections, see Change Orders, SH 507-17, SH 779-87.

15.    Do you contend that any person or entity other than CNE Poured Walls, Inc., negligently or defectively installed the foundation, reinforced poured concrete foundation walls, footers and/or foundation drains of the Subject Home?  If so, identify that person or entity and identify how that person or entity negligently/defectively installed the foundation, reinforced poured concrete foundation walls, footers and/or foundation drains and how such acts caused or contributed to the alleged damages sought in this matter.

ANSWER:   **OBJECTION.**   CNE objects to this Interrogatory because discovery is just beginning, and it is premature to request that CNE respond to this contention interrogatory.  *See, e.g.*, *Kelly v. FedEx Ground Package System, Inc.,* 2011 WL 1584764, at *4 (S.D. W.Va. Apr. 26, 2011) ("Due to the nature of contention interrogatories, they are more appropriately used after a substantial amount of discovery has been conducted—typically at the end of the discovery period.") (internal quotations and citations omitted); *Taggart v. Damon Motor Coach*, 2007 WL 152101, at *8 (N.D. W.Va. Jan. 17, 2007) ("Although contention interrogatories represent a valid discovery device, they should not be served until near the end of the discovery period.").

Subject to, and without waiving said objection, upon information and belief, Parsons's failure to install perforated exterior drain pipes, failure to tie the exterior and interior drain pipes together, and failure to place sufficient drainage gravel caused Plaintiffs' alleged damages.

16.    Do you contend that any subcontractor other than CNE Poured Walls, Inc., negligently or defectively performed work during the construction of the Subject Home?  If so, identify how each such subcontractor negligently/defectively performed work and how such acts caused or contributed to the alleged damages sought in this matter.

ANSWER:      See CNE's objection and response to Interrogatory 15.

17.      Please describe in detail any complaints received by you from your customers regarding residential home construction projects on which you were the general or subcontractor in the past twenty (20) years.

ANSWER:      None.

18.      Please identify all other residential home construction projects that CNE Poured Walls, Inc., has been involved in for the past twenty (20) years, including the identity of the customer, telephone number, location of the project, and whether those projects involved reinforced poured concrete foundation walls.

ANSWER:      **OBJECTION.**   This Interrogatory is overly broad, unduly burdensome, and not proportional to the needs of the case.  CNE provides services in several states, including Ohio and West Virginia.  This Interrogatory is not tailored in geographic scope and 20 years of documents exceeds the proportionality requirements of the case.   Additionally, this Interrogatory seeks proprietary business information and sensitive customer information that is not likely to lead to the discovery of admissible evidence.

CNE will consider supplementing its response to this Interrogatory if the Parties can agree to more narrowly tailor the Interrogatory and an appropriate protective order is entered.

19.      Specifically identify each and every exhibit which you intend to use at trial including, but not limited to, demonstrative or illustrative exhibits.

ANSWER:      **OBJECTION.**  This Interrogatory is premature, as it is early in discovery and CNE has not identified exhibits it intends to use at trial.  CNE will answer this Interrogatory in accordance with the Court's Scheduling Order.

20.      Identify all insurance policies, including liability insurance or umbrella insurance policies or excess insurance policies under which any insurance business may be liable to satisfy all or part of any judgment that may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment by stating the name, address and telephone number of

the insurer, the name, address and telephone number of the insured person or entity, the type of policy involved, the policy number, the policy limits and the effective dates of coverage.

ANSWER:   CNE is covered by a commercial general liability insurance policy from Nationwide Property & Casualty Insurance Company (Policy No. ACP GLKO 5753332816).

21.   State whether or not it is the Defendant's position that the Plaintiffs or some third person or persons was wholly or partially responsible for causing the damages at issue and if so, state specifically what acts or omissions on the part of the Plaintiffs or third person or persons that the Defendant contends caused or contributed to the damages sustained by the Plaintiffs.

ANSWER:   Parsons's failure to install perforated exterior drain pipes, failure to tie the exterior and interior drain pipes together, and failure to place sufficient drainage gravel caused Plaintiffs' alleged damages.  Additionally, Schumacher project supervisor, Steve McCoy, advised CNE to install rebar in the fashion it typically installed rebar on Schumacher projects.

22.   During the construction of the Subject Home, did you and/or your business enterprise and/or anyone providing services for you vary from the House Plans and/or oral agreements with the Plaintiffs?  If so, please describe the nature of any variance(s), the reason(s) therefor, and whether permission was sought and obtained from the Plaintiffs for each variance.

ANSWER:   CNE never had any discussions with Plaintiffs.  Additionally, Schumacher project supervisor, Steve McCoy, advised CNE to install rebar in the fashion it typically installed rebar on Schumacher projects and advised CNE that Parsons would connect the exterior and interior foundation drain systems.

23.   Have you received from your liability insurance carrier or its representative a "reservation of rights" letter with respect to the matter at issue in this litigation?

ANSWER:   No.

24.   Please identify by name and title the CNE Poured Walls, Inc. employee(s) who was/were responsible for supervising the work of CNE Poured Walls, Inc., employees while they were performing work on the Subject Home.

ANSWER:    James Eggers, Principal of CNE.

25.    Please identify the complete evidentiary basis for the statement in a report by POTESTA dated October 12, 2018, that "this crack was caused by an excessive lateral force imposed near the top of the concrete wall near this corner."

ANSWER:    POTESTA's opinions in the October 12, 2018 report are based on a review of the information provided to POTESTA by CNE and David B. Sharp's physical inspection of Plaintiffs' property.

26.    Please identify the persons involved, date, and complete subject matter relative to the statement in a report by POTESTA dated October 12, 2018, that "CNE was informed prior to construction of the foundation walls by the superintendent from Schumacher that CNE should construct the poured foundation walls as they have always done it as it was better than Schumacher had designed."

ANSWER:    **OBJECTION.**    This Interrogatory exceeds the number of interrogatories permitted under Rule 33(a)(1) of the Federal Rules of Civil Procedure.  *See* FED. R. CIV. P. 33(a) ("Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts.  Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2).").

27.    Please identify each and every project by owners, dates, and locations where CNE Poured Walls, Inc. has poured foundation walls using methods or specifications that differed from the design specifications of Schumacher on those projects.

ANSWER:    **OBJECTION.**    This Interrogatory exceeds the number of interrogatories permitted under Rule 33(a)(1) of the Federal Rules of Civil Procedure.  *See* FED. R. CIV. P. 33(a) ("Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts.  Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2).").

28.    Please explain how it comports with industry standards for CNE Poured Walls, Inc. to have installed a concrete foundation wall with "the unlevelness of the top of the

poured concrete walls . . . in certain areas with the most noticeable located near the right portion of the front basement wall and an area located on the right wall about one-third of the distance away from the front wall," as referenced in a report by POTESTA dated October 12, 2018, because Schumacher allegedly did not "notify[ ] CNE of any issues . . . or allow CNE to appropriately remedy the levelness . . . ."

ANSWER: **OBJECTION.** This Interrogatory exceeds the number of interrogatories permitted under Rule 33(a)(1) of the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 33(a) ("Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2).").

29. Please explain how it was the responsibility of the "framing contractor" under the applicable industry standards to correct CNE Poured Walls, Inc.'s failure to install the concrete foundation wall with the levelness required by such standards as referenced in a report by POTESTA dated October 12, 2018.

ANSWER: **OBJECTION.** This Interrogatory exceeds the number of interrogatories permitted under Rule 33(a)(1) of the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 33(a) ("Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2).").

30. Please identify whom CNE Poured Walls, Inc. contends bore the responsibility for the lack of a "bulkhead . . . connecting the varying elevations of the foundation" as referenced in a report by POTESTA dated October 12, 2018.

ANSWER: **OBJECTION.** This Interrogatory exceeds the number of interrogatories permitted under Rule 33(a)(1) of the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 33(a) ("Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2).").

31.     Please identify each and every project by owners, dates, and locations of which you are aware that "install[ation] [of] carbon fiber reinforcement to the interior of the wall" of a residential structure has been employed "to provide lateral structural support for lateral earth pressures" as referenced in a report by POTESTA dated October 12, 2018.

ANSWER:     **OBJECTION.**     This Interrogatory exceeds the number of interrogatories permitted under Rule 33(a)(1) of the Federal Rules of Civil Procedure.  *See* FED. R. CIV. P. 33(a) ("Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts.  Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2).").

32.     Please identify each and every time Keith or Susan Pauley was informed by anyone that the Subject Home would require the installation of carbon fiber reinforcement to the interior of its concrete foundation walls in order to prevent the failure of those walls.

ANSWER:     **OBJECTION.**     This Interrogatory exceeds the number of interrogatories permitted under Rule 33(a)(1) of the Federal Rules of Civil Procedure.  *See* FED. R. CIV. P. 33(a) ("Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts.  Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2).").

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.     Please produce a copy of all insurance policies of any type which may provide coverage to you for the damages claimed by the Plaintiffs in this litigation and produce copies of all claim forms and files for any claims you have made, including a copy of the Declaration of Coverage page(s).

RESPONSE: See Certificate of Liability Insurance, SH 552.   CNE will supplement this Request for Production with a certified copy of the insurance policy upon receipt.

2.     Please produce a copy of all insurance policies or other proof of insurance documents, provided to you by any other person, organization, or entity providing work or services related to the construction of the Subject Home.

RESPONSE:   None.

3.      Please produce a full and complete copy of the contract documents for the construction of the Subject Home.

RESPONSE:   See Trade Partner Agreements, CNE 1, SH 556-60, SH 682-701. See Scopes of Work, CNE 2-5, SH 553-55, SH 578-89, SH 702-778.   See Purchase Agreement, SH 19-29, SH 85, SH 182-92.   See Change Orders, SH 507-17, SH 779-87.

4.      Please produce a full and complete copy of all documents provided to you by Schumacher Homes of West Virginia, Inc. or any other person entity regarding work performed by it during the construction of the Subject Home.

RESPONSE:    See, SH 1-4569.

5.      Please produce a copy of all correspondence sent by you to Schumacher Homes of West Virginia, Inc. or any other person or entity related to the construction of the Subject Home including, but not limited to, letters, memos, and emails.

RESPONSE:   See Correspondence from CNE to Schumacher, SH 1134-36, SH 1185, SH 1188-89, SH 1212, SH 1238, SH 1568.

6.      Please produce a copy of all correspondence received by you from Schumacher Homes of West Virginia, Inc. or any other person or entity related to the construction of the Subject Home including, but not limited to, letters, memos, and emails.

RESPONSE:    See Correspondence received by CNE from Schumacher, SH 1185, SH 1238.

7.      Please produce a copy of all correspondence sent by you to any other subcontractor related to the construction of the Subject Home including, but not limited to, memos, and emails.

RESPONSE:   None.

8.      Please produce a copy of all correspondence received by you from any other subcontractor related to the construction of the Subject Home including, but not limited to, letters, memos, and emails.

RESPONSE:   None.

9.      Please produce copies of any and all photographs, slides, and/or motion pictures in your custody or subject to your control, relating to the construction of the Subject Home.

RESPONSE:   See Photos, SH 1714-52, SH 2134-3047.

10.      Please produce copies of any and all written statements, recorded interviews, and/or deposition transcripts in your custody or subject to your control concerning the construction of the Subject Home and/or the allegations involved in this litigation.

RESPONSE:   None.

11.      Please produce copies of the reports, curriculum vitae, and publications of each person whom you expect to call as an expert witness at trial.

RESPONSE:   **OBJECTION**.  This Request for Production is premature, as it is early in discovery and CNE has not identified the expert witnesses it will call at trial.  Subject to, and without waiving said objection, see POTESTA Report and Dave Sharp's *Curriculum Vitae*, CNE 21-34.

12.      Please produce all materials provided to any expert for the purposes of formulating opinions to be offered at trial.

RESPONSE:   See expert materials and report, CNE 35-1242.

13.      Please produce all documents evidencing any complaints from any person regarding services performed by CNE Poured Walls, Inc. on any construction projects on which CNE Poured Walls, Inc. served as the general contractor or a subcontractor in the past twenty (20) years.

RESPONSE:   **OBJECTION.**  This Request for Production is overly broad, unduly burdensome, and not proportional to the needs of the case.  CNE provides services in several states, including Ohio and West Virginia.  This Request for Production is not tailored in geographic scope and 20 years of documents exceeds the proportionality requirements of the case.  Subject to, and without waiving said objection, there are none.

14.     Please produce all documents supporting your defenses in this litigation.

RESPONSE:   See CNE 1-1242, SH 1-4569.

15.     Please produce all documents, including but not limited to, contracts, work orders, notes, letters, statements, checklists, photographs, video tapes, or voice recordings, relating to the matters at issue in this litigation.

RESPONSE:   See CNE 1-1242, SH 1-4569.

16.     Please produce all documents or other tangible things, identified in your response to Interrogatory No. 9, above.

RESPONSE:   **OBJECTION.**  See CNE's objections to Plaintiffs' Interrogatory 9 above.

17.     Please produce all change orders issued with respect to the work of CNE Poured Walls, Inc., relative to the construction of the Subject Home.

RESPONSE:  None.  However, Schumacher project supervisor, Steve McCoy, advised CNE to install rebar in the fashion it typically installed rebar on Schumacher projects.

18.     Please produce a copy of any and all exhibits which you intend to introduce at trial, whether as evidence or for demonstrative purposes.

RESPONSE:   **OBJECTION.**  This Request for Production is premature, as it is early in discovery and CNE has not identified exhibits it intends to use at trial.  CNE will respond to this Request for Production in accordance with the Court's Scheduling Order.

19.     Please produce a copy of all blueprints, mechanical drawings, architectural plans, schematics, engineering plans, or similar documents in your possession, custody, or control related to the construction of the Subject Home.

RESPONSE:   See CNE 8-20, SH 1-18, SH 30-35, SH 86-104, SH 115-37, SH 149-81, SH 282-94, SH 311, SH 346, SH 350-74, SH 590-602.

20.     Please produce a copy of any and all calendars, notes, diaries, journals, or any other documentation where you made recordings or notations related to the construction of the Subject Home.

RESPONSE:   None.

21.     Please produce a copy of all invoices, receipts, bills, statements, reports, or similar documents in your possession, custody, or control related to the construction of the Subject Home.

RESPONSE:   See CNE 6-7, SH 36-84, SH 108-14, SH 487, SH 504, SH 507.

22.     Please produce a copy of all documents in your possession, custody, or control evidencing any payments made by you or to you for work and/or services performed or supplies related to the construction of the Subject Home.

RESPONSE:   See Purchase Order, CNE 6-7.

23.     Please produce a copy of any reports, statements, recordings, memoranda, or testimony, whether signed or not, by any witnesses or purported witnesses or persons believed or understood by you to have knowledge of the allegations in this matter.

RESPONSE:   None.

24.     Please produce a copy of all "reservation of rights" letter(s) received by you with respect to the matter at issue in this litigation.

RESPONSE:   None.

25.     Please produce a copy of any and all written communications you had with the Claimants regarding the construction of the Subject Home.

RESPONSE:   None.

26.     Please produce a copy of any and all contracts and written communications you had with any other general or subcontractor(s) with respect to the construction of the Subject Home.

RESPONSE:   See Trade Partner Agreements, CNE 1, SH 556-60, SH 682-701. See Scopes of Work, CNE 2-5, SH 553-55, SH 578-89, SH 702-778.  See Purchase Agreement, SH 19-29, SH 85, SH 182-92.

27.     If you responded affirmatively to Interrogatory No. 22, please provide a copy of any records documenting or evidencing the deviation or variance from the House Plans and/or oral agreements with the Plaintiffs and whether permission was sought and obtained from the Plaintiffs for each variance.

RESPONSE:   None.  However, Schumacher project supervisor, Steve McCoy, advised CNE to install rebar in the fashion it typically installed rebar on Schumacher projects and further advised CNE that Parsons would tie in the interior and exterior foundation drain systems.

28.     Please produce all time sheets, diaries, and/or daily logs evidencing the date, time and hours of work performed by your employees with respect to the construction of the Subject Home.

RESPONSE:   None.  CNE is still attempting to find documents responsive to this Request for Production.  CNE will supplement its response to this Request for Production should pertinent documents be located.

29.     Please produce the plans and/or drawings for the other homes you have built in West Virginia with reinforced poured concrete foundation walls.

RESPONSE:   **OBJECTION.**  This Request for Production is overly broad, unduly burdensome, and not proportional to the needs of the case.  This Request for Production seeks

production of all plans and/or drawings used by CNE in constructing reinforced poured concrete foundation walls in West Virginia.  As such, this Request for Production seeks documents for an indefinite time frame.  Additionally, this Interrogatory seeks proprietary business information and sensitive customer information that is not likely to lead to the discovery of admissible evidence.

30.     Please produce all text messages sent or received by you regarding the construction of the Subject Home.

RESPONSE:   None.

31.     Please produce any and all inspection reports or checklists for the Subject Home.

RESPONSE:   SH 200-05, SH 395-99, SH 542-47, SH 603-81.

32.     Please produce a copy of your policies and procedures for modifying house plans and/or drawings.

RESPONSE:   None.

33.     Please produce copies of any and all reports issued by Nondestructive Inspection Services, Inc., related to the Subject Home and any and all raw data produced by Nondestructive Inspection Services, Inc. as a result of its testing and/or inspection of the Subject Home.

RESPONSE:   See CNE 1220-1242.

34.     Please produce any and all emails, letters, faxes, or other documents evidencing any and all communications between CNE Poured Walls, Inc. and its officers, agents, including but not limited to, POTESTA, or employees, and Nondestructive Inspection Services, Inc., regarding the subject matter of this litigation.

RESPONSE:   **OBJECTION.**  CNE objects to this Request for Production to the extent it seeks draft expert reports and disclosures.  *See* FED. R. CIV. P. 26(b)(4)(B) ("Rules 26(b)(3)(A) and (B) protect drafts of any report or disclosure . . . regardless of the form in which

the draft is recorded.").  Additionally, CNE objects to this Request for Production to the extent it seeks privileged attorney-expert communications.  *See* Fed. R. Civ. P. 26(b)(4)(C).  Finally, CNE objects to this Request for Production to the extent it seeks documents that are protected by the work product doctrine and/or attorney-client privilege.  Subject to, and without waiving said objections, see CNE 21-1242.

35.     If you responded affirmatively to Interrogatory No. 15, please provide any and all documents supporting your claim that a person or entity other than CNE Poured Walls, Inc., negligently or defectively installed the foundation, reinforced poured concrete foundation walls, footers and/or foundation drains of the Subject Home.

RESPONSE:   **OBJECTION.**  CNE objects to this Request for Production because discovery is just beginning, and it is premature to request that CNE provide all documents supporting CNE's claim that another person or entity negligently or defectively installed the foundation.  CNE will supplement its response to this Request for Production after CNE conducts additional discovery.

## REQUESTS FOR ADMISSION

1.     Please admit that you impliedly warranted that the foundation of the Subject Home would be constructed in a workmanlike manner and that the property would be fit for its intended use of human habitation.

ANSWER:    Deny.

2.     Please admit that the foundation, including the reinforced poured concrete walls, footers, and/or foundation drains, of the Subject Home was not constructed in a workmanlike manner and is not reasonably fit for its intended use of human habitation.

ANSWER:    Deny.

3.     Please admit that you breached the implied warranty of habitability with respect to the construction of the foundation, including the reinforced poured concrete walls, footers, and/or foundation drains, of the Subject Home.

ANSWER:    Deny.

4.    Please admit that you deviated from the standard building and construction practices with respect to the foundation, including the reinforced poured concrete walls, footers, and/or foundation drains, of the Subject Home.

ANSWER:    Deny.

5.    Please admit that the basement floor of the Subject Home has cracks.

ANSWER:    Admit.

6.    Please admit that the foundation walls of the Subject Home have cracks.

ANSWER:    Admit.

7.    Please admit that at least one crack in the foundation walls extends the entire thickness of the wall.

ANSWER:    CNE cannot admit or deny this Request for Admission, even after due diligence in attempting to respond, because CNE is unsure what the Request for Admission is is seeking an admission or denial on.  Specifically, CNE is unsure of the exact location of the Subject Home that Plaintiffs' Request for Admission references.  Furthermore, CNE has not yet conducted a site inspection in these proceedings.  To the extent a response is required, CNE denies this Request for Admission.

8.    Please admit that a crack exists in the brick on the exterior back corner of the Subject Home, extending from the top of the basement garage door access across at least ten courses of brick.

ANSWER:    CNE cannot admit or deny this Request for Admission, even after due diligence in attempting to respond, because CNE is unsure what the Request for Admission is is seeking an admission or denial on.  Specifically, CNE is unsure of the exact location of the Subject Home that Plaintiffs' Request for Admission references.  Furthermore, CNE has not yet

conducted a site inspection in these proceedings.  To the extent a response is required, CNE denies this Request for Admission.

9.      Please admit that a crack exists on the exterior back corner of the Subject Home, extending downward from an upper story window.

ANSWER:      CNE cannot admit or deny this Request for Admission, even after due diligence in attempting to respond, because CNE is unsure what the Request for Admission is is seeking an admission or denial on.  Specifically, CNE is unsure of the exact location of the Subject Home that Plaintiffs' Request for Admission references.  Furthermore, CNE has not yet conducted a site inspection in these proceedings.  To the extent a response is required, CNE denies this Request for Admission.

10.      Please admit that the basement floor in the rear corner of the Subject Home was heaved up in relation to the rest of the floor.

ANSWER:      CNE admits that the basement floor in one corner of the Subject Home was heaved up in relation to the rest of the floor.

11.      Please admit that the basement floor in the Subject Home is not level.

ANSWER:      CNE admits that the basement floor in one corner of the Subject Home was heaved up in relation to the rest of the floor.

12.      Please admit that the thickness of the foundation walls in certain areas does not comply with the House Plans.

ANSWER:      Deny.

13.      Please admit no vertical rebar reinforcement was installed in the foundation walls of the Subject Home.

ANSWER:      Deny.

14.      Please admit that the top of the foundation walls on which the Subject Home rests is out of level.

20

ANSWER:      Deny.  The top of the foundation walls was plumb and leveled within tolerance, as contemplated in the Trade Partner Agreement.

15.            Please admit that improper shims were inserted under the sill plates of the Subject Home in an attempt to provide a level surface for the frame of the Subject Home.

ANSWER:      CNE cannot admit or deny this Request for Admission, even after due diligence in attempting to respond, because CNE did not install the shims.  To the extent a response is required, CNE denies this Request for Admission.

16.      Please admit that not all of the Subject Home's sill plates are resting on a solid surface.

ANSWER:      CNE cannot admit or deny this Request for Admission, even after due diligence in attempting to respond, because CNE did not install the shims.  To the extent a response is required, CNE denies this Request for Admission.

17.      Please admit that in certain locations, a person can see the exterior house wrap through the space where the shims are inserted under the sill plates of the Subject Home.

ANSWER:      CNE cannot admit or deny this Request for Admission, even after due diligence in attempting to respond, because CNE did not install the shims.  To the extent a response is required, CNE denies this Request for Admission.

18.      Please admit that the exterior foundation drain pipes lack any holes to carry water away from the Subject Home.

ANSWER:      Deny.  All foundation drain pipes installed by CNE were perforated drain pipes.  Upon information and belief, Parsons installed non-perforated foundation drain pipes at the Subject Home.

19.      Please admit that the interior foundation drain pipes are not connected to the exterior foundation drain pipes.

ANSWER:   Admit.  Steve McCoy advised Parsons to connect the interior foundation drain pipes and exterior foundation drain pipes during the course of their ongoing excavation work in the back of the Subject Home.

20.   Please admit that there was no gravel backfill in some areas of the foundation drains.

ANSWER:   Admit.  Parsons failed to place sufficient gravel backfill in some areas of the foundation drains.

21.   Please admit that the step footers are not connected thereby leaving a void through which water runs.

ANSWER:   Admit that the step footers are not connected.  The remaining portion of the Request for Admission is denied.

22.   Please admit that the garage contains numerous cracks in the concrete walls.

ANSWER:   Admit.

23.   Please admit you or someone acting on your behalf made a variance to the House Plans with respect to the foundation, reinforced poured concrete foundation walls, footers, and/or foundation drains of the Subject Home.

ANSWER:   Deny.  Schumacher project supervisor, Steve McCoy, advised CNE to install rebar in the fashion it typically installed rebar on Schumacher projects.

24.   Please admit you did not obtain the Plaintiffs' permission for the variance to the House Plans with respect to the foundation of the Subject Home.

ANSWER:   Admit.  Schumacher project supervisor, Steve McCoy, advised CNE to install rebar in the fashion it typically installed rebar on Schumacher projects.

25.   Please admit that at least some portion of the footers is 7-1/2 inches thick.

ANSWER:    CNE cannot admit or deny this Request for Admission, even after due diligence in attempting to respond, because CNE is unsure what the Request for Admission is is seeking an admission or denial on.  Specifically, CNE is unsure of the exact location of the Subject Home that Plaintiffs' Request for Admission references.  Furthermore, CNE has not yet conducted a site inspection in these proceedings.  To the extent a response is required, CNE denies this Request for Admission.

26.    Please admit that the footer depth differs from the House Plans.

ANSWER:    Deny.

27.    Please admit that a continuous top course of horizontal rebar was not installed in foundation walls.

ANSWER:    CNE cannot admit or deny this Request for Admission, even after due diligence in attempting to respond, because CNE is unsure what the Request for Admission is is seeking an admission or denial on.  Specifically, CNE is unsure what Plaintiff means by "continuous top course."  To the extent a response is required, CNE denies this Request for Admission.

28.    Please admit that a continuous course of horizontal rebar was not wrapped around foundation corners.

ANSWER:     Deny.

29.    Please admit that the rear footer was not constructed per the House Plans.

ANSWER:     Deny.

30.    Please admit that the rear footer is cracked.

ANSWER:    CNE cannot admit or deny this Request for Admission, even after due diligence in attempting to respond, because CNE is unsure what the Request for Admission is is seeking an admission or denial on.  Specifically, CNE is unsure of the exact location of the Subject Home that Plaintiffs' Request for Admission references.  Furthermore, CNE has not yet

conducted a site inspection in these proceedings.  To the extent a response is required, CNE denies this Request for Admission.

31. Please admit that the foundation bolts were not properly installed.

ANSWER:     Deny.

32.     Please admit that no horizontal rebar "wrap[s] around the corner providing horizontal support" as referenced on page three of a report by POTESTA & Associates, Inc. ("POTESTA") dated October 12, 2018.

ANSWER:     Admit.

33.     Please admit that the concrete foundation walls installed by CNE Poured Walls, Inc. in the Subject Home were not installed in conformity with the House Plans and/or the Poured Concrete Wall Scopes of Work.

ANSWER:     Deny.  Schumacher project supervisor, Steve McCoy, advised CNE to install rebar in the fashion it typically installed rebar on Schumacher projects.

34.     Please admit that the levelness of the concrete foundation walls installed by CNE Poured Walls, Inc. in the Subject Home do not comply with the House Plans and/or the Poured Concrete Wall Scopes of Work.

ANSWER:     Deny.

35.     Please admit that the "bulkhead . . . connecting the varying elevations of the foundation" is absent in the Subject Home.

ANSWER:     Admit.  However, the Trade Partner Agreement and Scopes of Work did not require CNE to install bulkhead(s).

36.     Please admit that you have never instructed or requested that any homeowner in any residential construction foundation wall project ever installed by CNE Poured Walls, Inc., to install, at their own expense, carbon fiber reinforcement to the interior of the concrete foundation walls in order to prevent the failure of those walls.

ANSWER:    Admit.  CNE, as a subcontractor, does not have any communications with homeowners, including Plaintiffs.

37.    Please admit that pursuant to your Trade Partner Agreement with Schumacher Homes of West Virginia, Inc. and the Poured Concrete Scopes of Work, you were responsible for installing the foundation drains for the Subject Home.

ANSWER:    Admit in part, deny in part.  CNE admits that pursuant to the Trade Partner Agreement and Scopes of Work it was responsible for installing foundation drains. However, CNE denies that it installed the exterior, nonperforated foundation drains as Schumacher and Parsons agreed that Parsons would perform that work and Parsons subsequently performed said work.

38.    Please admit that you failed to install a working foundation drainage system for the Subject Home.

ANSWER:    Deny.

Request for Admission No. 39.    Please admit that you failed to fill the foundation drain areas with gravel in accordance with the House Drawings and Poured Concrete Wall Scopes of Work.

ANSWER:    Deny.

40.    Please admit that you failed to install two complete sections of foundation drain pipe.

ANSWER:    Deny.

41.    Please admit that in those areas in which you failed to install two complete sections of foundation drain pipe, you filled in those areas with dirt.

ANSWER:    Deny.

42.    Please admit that you filled in open-ended foundation drain pipe with fill dirt.

ANSWER:     Deny.

43.     Please admit that you did not install the foundation drain pipes in the proper location as required by the House Plans.

ANSWER:     Deny.

CNE POURED WALLS, INC.,

By Counsel,

/s/ Kenneth E. Webb, Jr.
Kenneth E. Webb, Jr.  (WVSB 5560)
Joshua A. Lanham (WVSB 13218)
Bowles Rice LLP
600 Quarrier Street
Post Office Box 1386
Charleston, West Virginia 25325-1386
(304) 347-1100

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

KEITH PAULEY and SUSAN PAULEY,

       Plaintiffs,

v.                                       Civil Action No. 3:18-cv-01508

CNE POURED WALLS, INC., an
Ohio corporation, and
PARSONS CONTRACTING, LLC,
a West Virginia liability company,

       Defendants.

# Certificate of Service

      The undersigned hereby certifies that on **April 29, 2019**, I electronically filed the foregoing ***CNE Poured Walls, Inc.'s Responses to Plaintiffs' First Set of Discovery Requests*** using the CM/ECF system, which will then send a notification of such filing to the following:

| | |
|---|---|
| Ancil G. Ramey, Esquire | Mary K. Prim, Esquire |
| Steptoe & Johnson PLLC | Mary K. Prim PLLC |
| Post Office Box 2195 | Post Office Box 232 |
| 825 Third Avenue, Suite 400 | Scott Depot West Virginia 25560 |
| Huntington West Virginia 25722-2195 | Phone: (304) 932-4333 |
| Phone: (304) 526-8093 | Email: mary@maryprim.com |
| Facsimile: (304) 526-8089 | *Counsel for Parsons Contracting, LLC* |
| Email: Ancil.Ramey@Steptoe-Johnson.com | |
| *Counsel for Plaintiffs* | |

                                     /s/ Kenneth E. Webb, Jr.
                                     Kenneth E. Webb, Jr.  (WVSB 5560)