

**Writer's Contact Information**
Phone:  (304) 526-8133
Fax:  (304) 933-8738
E-mail Address:
ancil.ramey@steptoe-johnson.com

**EXHIBIT B**

May 16, 2019

**BY EMAIL**
Kenneth L. Webb, Jr.
Joshua A. Lanham
Bowles Rice LLP
P.O. Box 1386
Charleston WV 25325-1386
kwebb@bowlesrice.com
jlanham@bowlesrice.com

**Re:    Pauley v. CNE**

Dear Ken & Josh:

This letter is written pursuant to Rule 37 as part of our obligation to meet and confer regarding the recent discovery responses I received from your client on May 3, 2019.  Specifically, I request supplementation of the following discovery responses by your client on or before May 24, 2019:

| | |
|---|---|
| Interrogatory No. 3.  List the names, addresses and telephone numbers of all persons believed or known by you to have any knowledge concerning the facts and issues set forth in the Complaint | Other CNE employees did work on the subject property, and we request that your client provide the names and contact information for those employees. |
| Interrogatory No. 4.   For each witness you presently or subsequently determine you intend to call at trial regarding your defenses to the claims asserted in this matter, please provide their name, address, telephone number, and substance of their anticipated testimony. | Your client has not answered this Interrogatory but has also not answered any Interrogatory more than the first twenty-five propounded.  Please have your client either answer this Interrogatory or answer the Interrogatories more than the first twenty-five propounded. |
| Interrogatory No. 6. Identify each person whom you expect to call as an expert witness at trial and for each such person so identified please state and provide the following . . . . | Your client has not answered this Interrogatory but has also not answered any Interrogatory more than the first twenty-five propounded.  Please have your client either answer this Interrogatory or answer the Interrogatories more than the first twenty-five propounded. |



Ken Webb & Josh Lanham
Pauley v. CNE
May 16, 2019
Page 2

| | |
|---|---|
| Interrogatory No. 8.  In separate sentences, please state each and every fact or contention of fact upon which CNE Poured Walls, Inc., relies in denying liability with respect to the matters at issue in this litigation. | The contention objection is not well-taken considering this matter has been in litigation for nearly a year or longer.  Moreover, your client has not answered this Interrogatory but has also not answered any Interrogatory more than the first twenty-five propounded.  Please have your client either answer this Interrogatory or answer the Interrogatories more than the first twenty-five propounded. |
| Interrogatory No. 9.  Please identify all documents or other tangible things, including the name and address of the current custodian thereof, relating to, referring to, or regarding any of the facts or contentions identified in your response to Interrogatory No. 8, above. | The contention objection is not well-taken considering this matter has been in litigation for nearly a year or longer.  Moreover, your client has not answered this Interrogatory but has also not answered any Interrogatory more than the first twenty-five propounded.  Please have your client either answer this Interrogatory or answer the Interrogatories more than the first twenty-five propounded. |
| Interrogatory No. 10.  Please identify each person, organization, or entity that you contend contributed to the claims asserted by the Plaintiffs in their Complaint. | The contention objection is not well-taken considering this matter has been in litigation for nearly a year or longer.  Moreover, your client has not answered this Interrogatory but has also not answered any Interrogatory more than the first twenty-five propounded.  Please have your client either answer this Interrogatory or answer the Interrogatories more than the first twenty-five propounded. |
| Interrogatory No. 18.  Please identify all other residential home construction projects that CNE Poured Walls, Inc., has been involved in for the past twenty (20) years, including the identity of the customer, telephone number, location of the project, and whether those projects involved reinforced poured concrete foundation walls. | We agree to entry of the standard protective order to protect your client's objection and agree to limit the duration to ten (10) years and for the states of Ohio, West Virginia, and Kentucky.  Please have your client supplement its response accordingly. |
| Interrogatory No. 19.  Specifically identify each and every exhibit which you intend to use at trial including, but not limited to, demonstrative or illustrative exhibits. | Your client has not answered this Interrogatory but has also not answered any Interrogatory more than the first twenty-five propounded.  Please have your client either answer this Interrogatory or answer the Interrogatories more than the first twenty-five propounded. |

Ken Webb & Josh Lanham
Pauley v. CNE
May 16, 2019
Page 3

| Interrogatory No. 24.   Please identify by name and title the CNE Poured Walls, Inc. employee(s) who was/were responsible for supervising the work of CNE Poured Walls, Inc., employees while they were performing work on the Subject Home. | Again, other CNE employees were on the site. Please have your client supplement the response by identifying them. |
|---|---|
| Interrogatories Nos. 26 through 32. | Again, it is inconsistent for your client to provide no answers to some Interrogatories but to then count those Interrogatories against the twenty-five limitation.  Also, please advise as to whether your client is willing to waive the limit up to the thirty-two Interrogatories propounded, as we will likely file a motion for leave to exceed up to those thirty-two which are narrowly tailored to the disputed issues in this litigation. |
| Request for Production No. 29.  Please   produce the plans and/or drawings for the other homes you have built in West Virginia with reinforced poured concrete foundation walls. | This Request is highly relevant to the case and, again, we will agree to entry of the standard protective order to address your client's concerns about the proprietary nature of the responsive documents produced. |

Also, I do not believe we received a verification of the Interrogatory responses; so, please have your client provide such verification on or before May 24, 2019.

Finally, I will make myself available to discuss any of these issues to avoid the necessity of filing a motion to compel on May 29, 2019.

Very truly yours,

Ancil G. Ramey

691850.00002