# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# HUNTINGTON DIVISION

**KEITH PAULEY and SUSAN PAULEY,**

   **Plaintiffs,**

v.                Case No.: 3:18-cv-01508

**CNE POURED WALLS, INC., an
Ohio corporation, and PARSONS
CONTRACTING, LLC, a West Virginia
limited liability company,**

   **Defendants.**

## MEMORANDUM OPINION AND ORDER

  Pending is Plaintiffs' Motion to Compel and Motion for Leave to Serve Interrogatories in Excess of Twenty-five, (ECF No. 29). Defendant CNE Poured Walls, Inc. ("CNE") has filed a response in opposition to the motion, and Plaintiffs have replied. (ECF Nos. 43, 44). For the reasons that follow, the Court **DENIES** the Motion to Compel and **DENIES**, in part, and **GRANTS**, in part, the Motion for Leave to Serve Interrogatories in Excess of Twenty-Five.

  **Motion to Compel**

  With respect to the Motion to Compel, the parties have narrowed their dispute to four interrogatories and one request for production of documents. Interrogatory Nos. 8, 9, and 10, contrary to Plaintiffs' assertion, are contention interrogatories, because they ask CNE to provide the facts and identify witnesses and documents, which underlie CNE's contention that it is not liable for the damages claimed by Plaintiffs. *See Johnson v. North*

1

*Carolina Department of Justice,* 2018 WL 5831997, at *7 (E.D.N.C. Nov. 7, 2018). "Contention interrogatories have been defined as interrogatories that request a litigant 'to state what it contends; to state whether it makes a specified contention; to state all facts upon which it bases a contention; to take a position, and explain or defend that position ... or to state the legal or theoretical basis for a contention.'" *Taggart v. Damon Motor Coach*, No. 5:05-CV-00191, 2007 WL 152101, at *7 (N.D.W. Va. Jan. 17, 2007) (quoting *B. Braun Med. Inc. v. Abbott Lab.*, 155 F.R.D. 525, 527 (E.D. Pa. 1994)). Contention interrogatories are expressly permitted by Fed. R. Civ. P. 33(a)(2) and are considered useful to "help pin down an opponent's legal theories in a case as well as the primary facts supporting them." (*Jayne H. Lee, Inc. v. Flagstaff Indus. Corp.*, 173 F.R.D. 651, 652 (D. Md. 1997)).

Nevertheless, most courts agree that "[d]ue to the nature of contention interrogatories, they are more appropriately used after a substantial amount of discovery has been conducted—typically at the end of the discovery period." *Capacchione v. Charlotte–Mecklenburg Board of Education*, 182 F.R.D. 486, 489 (W.D.N.C. 1998). Premature contention interrogatories are discouraged for several reasons. First, there is "the unfairness of requiring a party to prematurely articulate theories which have not yet been fully developed." *Cornell Research Found., Inc. v. Hewlett Packard Co.*, 223 F.R.D. 55, 66 (N.D.N.Y. 2003). In addition, "a lawyer's unwillingness to commit to a position without an adequately developed record will likely lead to vague, ambiguous responses," which are effectively useless. *Taggert*, 2007 WL 152101, at *8 (citing *In re Convergent Technologies Sec. Litig.*, 108 F.R.D. 328, 338 (N.D. Cal. 1985)). Moreover, in cases where the parties anticipate the production of "an expert report which will touch on the very contentions at issue, the Court should normally delay contention discovery until after the

2

expert reports have been served, which may then render moot any further contention discovery." *BB & T Corp. v. United States*, 233 F.R.D. 447, 450–51 (M.D.N.C. 2006) (citing *United Situations v. Duke Energy Corp.*, 208 F.R.D. 553, 558 (M.D.N.C. 2002)).

In this case, CNE's expert disclosures are not due until August 27, 2019, and discovery does not close until September 26, 2019. (ECF No. 14). In addition, Plaintiffs filed an amended complaint against CNE on April 18, 2019, and a cross-claim was asserted against CNE on June 25, 2019. (ECF Nos. 23, 40). Accordingly, while discovery has been ongoing since March, there is merit to CNE's argument that contention interrogatories are premature, making the motion to compel answers to contention interrogatories premature.

However, the undersigned feels compelled to remind the parties of the following points. Contention interrogatories "are overly broad and unduly burdensome on their face if they seek 'all facts' supporting a claim or defense, such that the answering party is required to provide a narrative account of its case … [S]uch interrogatories will not be overly broad if they only ask for the 'principal or material facts which support an allegation or defense.'" *Mach. Sols., Inc. v. Doosan Infracore Am. Corp.*, 323 F.R.D. 522, 528 (D.S.C. 2018) (quoting in *Moses v. Halstead*, 236 F.R.D. 667, 674 (D. Kan. 2006)). Plaintiffs' Interrogatory No. 8, as currently written, suffers from this overbreadth and burdensomeness. Interrogatory No. 9, which is a follow-up to Interrogatory No. 8, is likewise overly broad, unless No. 8 is rewritten in a more focused manner.

In addition, to the extent CNE can presently respond to Plaintiffs' contention interrogatories, CNE should do so. Because CNE has an ongoing to duty to timely supplement and correct discovery answers as additional information becomes available, CNE should not wait until the deadline for expert witness disclosures before providing a

3

response to the contention interrogatories, if information is currently available to CNE that is responsive to the questions. *See Precision Fabrics Grp., Inc. v. Tietex Int'l, Ltd.*, 297 F. Supp.3d 547, 556 (D.S.C. Feb. 25, 2018) ("Courts have recognized that answers to contention interrogatories may evolve over time, and 'an answer to an interrogatory does not conclusively bind the answering party in all instances.'") (quoting *Marcoin, Inc. v. Edwin K. Williams & Co.*, 605 F.2d 1325, 1328 (4th Cir. 1979)). CNE runs the risk of having information or materials precluded from evidence by failing to timely supplement its interrogatory responses. *Id.*

In Interrogatory No. 18, Plaintiffs originally sought information related to every other residential home construction project at which CNE performed work in the past twenty years. After CNE objected to the interrogatory as being overly broad, Plaintiffs limited the temporal scope of the interrogatory to the prior ten years. In Request for Production No. 29, Plaintiffs requested copies of all plans and drawings for other homes with reinforced poured concrete foundation walls built by CNE in West Virginia. Plaintiffs argue that they are entitled to the information sought in the interrogatory and request for production of documents, because they have alleged fraud and are aware that CNE previously was sued for fraud based on its actions in a home construction project in Ohio.

If Plaintiffs want to know about other instances where CNE's reinforced poured concrete foundation walls have failed, or CNE has been sued for fraud, then they should ask those questions. Indeed, Plaintiffs essentially did ask those questions in Interrogatory Nos. 7, 17, and Request for Production No. 13 when they asked about all lawsuits, criminal proceedings, arbitrations, and complaints arising from other CNE construction projects. Plaintiffs have demonstrated no legal or factual basis justifying their free access to extensive customer information, plans, drawings, and related information on ***all*** CNE

projects in West Virginia, or elsewhere—much of which will be irrelevant to the issues in dispute. These requests are simply not proportional to the needs of the case.

**Motion for Leave to Ask Questions in Excess of Twenty-Five**

Plaintiffs ask leave to serve CNE with seven interrogatories in excess of the amount allowed by the Rules of Civil Procedure. CNE has not responded to the request. When considering a motion for leave to serve interrogatories in excess of the twenty-five permitted by Rule 33(a), the court looks at whether good cause exists for allowing the additional interrogatories. *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.,* No. 1:00CV00113, 2002 WL 534459, at *3 (W.D. Va. Mar. 18, 2002) (citing *Capacchione v. Charlotte–Mecklenburg Sch.,* 182 F.R.D. 486, 492 (W.D.N.C.1998)). Good cause does not exist if:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2). "Frequently, the question becomes whether the requesting party has adequately shown that the benefits of additional interrogatories outweigh the burden to the opposing party." *Rawl v. S.C. Dep't of Soc. Servs.*, No. 2:14-CV-02772-DCN, 2015 WL 6725169, at *3 (D.S.C. Nov. 3, 2015) (citing *Capacchione,* 182 F.R.D. at 492).

Reviewing the additional interrogatories proposed by Plaintiffs, the undersigned finds that Interrogatory Nos. 26, 28, 29, 30, and 31 are not cumulative or duplicative, are not outside the scope of discovery permitted by Rule 26(b), and Plaintiffs have not had an opportunity to obtain the answers before posing these questions. Therefore, Plaintiffs' motion to exceed the twenty-five allowable interrogatories is granted as to these numbers.

In contrast, Interrogatory No. 27 is overly broad and not proportional to the needs of the case, and Interrogatory No. 32 can be more efficiently answered through another method of discovery. For example, if Plaintiffs claim that no one informed them about the subject matter of the interrogatory, then a request for admission could be posed asking CNE to admit the truth of Plaintiffs' allegation. However, the way the interrogatory is currently written, it would require CNE to check with everyone—including those individuals employed by other entities—who worked on the site or had contact with Plaintiffs about the construction of the home. Such a task is unnecessarily burdensome and simply impossible in some instances. Therefore, for the forgoing reasons, the motion is denied as to Interrogatory Nos. 27 and 32. Notwithstanding this ruling, the undersigned notes that CNE did provide supplemental responses to Interrogatory Nos. 27 and 32.

Plaintiffs move for reasonable fees related to the drafting of their Motion to Compel. The request for fees is **DENIED**. First, Plaintiffs were not successful on their motion, and second, sending a letter does not fulfill the moving party's obligation to meet and confer. The moving party's counsel is responsible for arranging a conference in person or by telephone. L. R. Civ. P. 37.1(b). Failure to do so may result in a denial of fees. *Frontier–Kemper Constructors, Inc. v. Elk Run Coal Co., Inc.,* 246 F.R.D. 522, 526 (S.D.W. Va. 2007). As such, Plaintiffs are not entitled to reimbursement of fees.

The Clerk is directed to provide a copy of this Order to counsel of record and any unrepresented party.

**ENTERED:** July 17, 2019

Cheryl A. Eifert
United States Magistrate Judge